# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**ALVIS DAMON WILLIAMS,**

    **Petitioner,**

v.                                         **Civil No.: 5:19CV169**
                                                  **JUDGE BAILEY**

**CHRISTOPHER GOMEZ,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 13, 2019, the pro se Petitioner, Alvis Williams ("Williams") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Williams has satisfied the $5 filing fee. ECF No. 7. Williams is a federal inmate who is housed at FCI Gilmer and is challenging the validity of his sentence from the United States District Court for South Carolina. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

On August 20, 2013, a federal grand jury in the District of Carolina returned a four-count indictment against Williams charging him with possession with intent to

---

[1] Unless otherwise noted, the information in this section is taken from Williams' criminal docket available on PACER and all ECF numbers are from that case. See United States v. Williams, No. 3:13cr758-JFA-1). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

distribute cocaine and related firearm offenses. ECF No. 2. On February 3, 2014, the United States moved to dismiss Count Four of the indictment, because the conduct giving rise to that Count violated the terms of his previously imposed supervised release and the Court had addressed that conduct in finding Williams in violation of his supervised release. ECF No. 63. The court granted the motion on February 5, 2014 and dismissed Count Four without prejudice. ECF No. 67. Although represented by a public defender during most of the pretrial proceedings, Williams elected to represent himself at his trial. On February 18, 2014, the jury found Williams guilty of the remaining three counts.[2] ECF No. 77.

Williams was sentenced on June 20, 2014 [ECF No. 96] and judgment was entered on June 24, 2014. ECF No. 97. Williams was committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 180 months. This term consisted of 120 months each as to Counts One and Two to run concurrent and 60 months as to Count Three to run consecutive to Counts One and Two. This sentence reflected the mandatory statutory minimum for Williams' conviction. The probation officer had indicated that with an offense level of 26 and criminal history category Five, the advisory range for Count One and Two was 120-137 months. Therefore, under the guidelines, Williams faced a potential sentence of 187 months with the mandatory consecutive sentence on Count Three. However, the United States indicated it was content to stand on the 15 years mandatory minimum. ECF No. 117.

### B. Direct Appeal

---

[2] Count One charged Williams with possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, both Schedule II controlled substances. Count Two charged Williams with being a convicted felon in possession of a firearm. Count Three charged Williams with possession of a firearm in furtherance of a drug trafficking crime.

On June 24, 2014, Williams filed a Notice of Appeal. ECF No. 104.  On Appeal, Williams argued that the district court erred. by permitting him to represent himself. Williams also assigned error to several of the district court's trial management decisions. On December 3, 2015, the Fourth Circuit Court of Appeals affirmed his conviction. ECF No. 121.

### C.  Motion to Vacate

On February 23, 2017, Williams filed a pro se petition for post-conviction relief pursuant to 28 U.S.C. § 2255. Williams raised a claim of ineffective assistance of counsel as well as a claim that his waiver of his right to counsel was involuntary. Finally, he raised several claims about sentencing. ECF No. 123  On July 1, 2018, the district court denied the petition and declined to issue a certificate of appealability. ECF No. 137.

### D.  § 2241 Petition

Williams alleges that his drug charges do not qualify as a predicate offense for § 924(c) enhancements. In supports of this allegation, Williams relies on `the decisions in Johnson and Dimaya. For relief, he asks that his sentence be vacated and remanded for resentencing without the § 924(c) enhancement.

## II.  LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Williams' case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules

Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Williams' pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Williams is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Williams unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief,

> by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive

law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### III. ANALYSIS

Although Williams alleges that he meets the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. Williams can satisfy the first Wheeler prong because at the time of sentencing In this case, settled law established the legality of the imposed sentence. However, Williams cannot satisfy the second prong. Succinctly stated, Williams cites no case from either the United States Supreme Court or this circuit which has changed the settled law with respect to his 924(c) sentence.

As previously noted, Williams relies on the rulings in Johnson and Dimaya in support of his petition. In Dimaya, the Supreme Court held that the Immigration and Nationality Act's ("INA") definition of "aggravated felony" was impermissibly vague. See Sessions v. Dimaya, 138 S.Ct. 1204, 1228 (2018). However, Dimaya has no bearing on Williams sentence. In that case, the Supreme Court compared the INA's language with that language of the ACCA's "residual clause," which was held unconstitutionally vague

6

in Johnson v. United States, 135 S.Ct. 2551 (2015). See id. Following Dimaya, the Fourth Circuit determined that because the "residual clause" in 18 U.S.C. § 16(b) was nearly identical to the residual clause in 18 U.S.C. § 924(c)(3)(B), that the residual clause in § 924(c)(3)(B) was also unconstitutionally vague. United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019). Thereafter, in United States v. Davis, the Supreme Court directly addressed the residual clause in 18 U.S.C. § 924(c)(3)(B) and found the same was unconstitutionally vague. 139 S.Ct. 2319, 2336 (2019).

Williams was not prosecuted under the INS, nor was he sentenced as an armed career criminal. Neither Johnson, Dimaya nor Davis is applicable to Count Three, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). As determined in a recent case from the District of New Jersey:

> … The Supreme Court issued its opinion in United States v. Davis, 139 S.Ct. 2319 (2019), which invalidated another residual clause--the residual clause of § 924(c)(3)(B). The Supreme Court held that, like the residual clause is in Johnson and Dimaya, § 924(c)(3)(B)'s crime of violence residual clause was also unconstitutionally vague. See id. at 2336. Importantly, however, Davis only invalidated § 924(c)(3)(B) and not the entirety of § 924(c). See id. ("We agree . . . that § 924(c)(3)(B) is unconstitutionally vague."). Accordingly, convictions based upon a defendant's use or carrying of a firearm in furtherance to a drug trafficking crime or upon a crime of violence defined under § 924(c)(3)(A) are still valid. See In re Navarro, 931 F.3d 1298, 1302-03 (11th Cir. 2019) (holding that a petitioner's § 924(c) conviction fully supported by drug trafficking offenses was outside the scope of Davis); see also United States v. Thomas, 933 F.3d 685, 695 n. 5 (7th Cir. 2019) (upholding conviction under § 924(c) where predicate crime was a bank robbery which fell under § 924(c)(3)(A)'s crime of violence elements clause); Kidd v. United States, 929 F.3d 578, 581 (8th Cir. 2019) ("Because § 924(c)(3)(A) [the crime of violence elements clause] applies in this case, the Supreme Court's decision in United States v. Davis does not afford [petitioner] the relief he seeks.").

Hernandez v. United States, 17-cv-4582 (D.N.J. Sept. 27, 2019).

As outlined above, the definition of drug trafficking crime found in 18 U.S.C. § 924(c)(2) is still valid, and the residual clause found in § 924(c)(3)(B) was not used to

convict Williams of the §924(c) offense. Therefore, Williams cannot satisfy the savings clause of § 2255(e) under Wheeler, and his claim may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Williams shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Williams by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 7, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE