## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**ALVIS DAMON WILLIAMS,**

    Petitioner,

v.                                            **CIVIL ACTION NO. 5:19-CV-169**
                                                   **(BAILEY)**

**CHRISTOPHER GOMEZ,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 7, 2020, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed his Objections on February 24, 2020 [Doc. 10]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

In sum, petitioner alleges that his drug charges do not qualify as a predicate offense for sentencing enhancements under 18 U.S.C. § 924(c). In support, petitioner relies on the decisions of the Supreme Court of the United States in ***Johnson v. United States***, 135 S.Ct. 2551 (2015), and ***Sessions v. Dimaya***, 138 S.Ct. 1204 (2018), and asks that his sentence be vacated and remanded for resentencing without the § 924(c) enhancement.

Magistrate Judge Mazzone, in recommending petitioner's petition be denied and dismissed without prejudice for lack of jurisdiction, found the following, in pertinent part:

> Although [petitioner] alleges that he meets the savings clause, he is not entitled to its application. Because he is challenging his sentence, he must meet all four prongs of the ***Wheeler*** [886 F.3d 415 (4th Cir. 2018)] test for this Court to have jurisdiction to hear his challenge on the merits. [Petitioner] can satisfy the first ***Wheeler*** prong because at the time of sentencing in this case, settled law established the legality of the imposed sentence. However, [petitioner] cannot satisfy the second prong. Succinctly stated, [petitioner] cites no case from either the United States Supreme Court or this circuit which has changed the settled law with respect to his 924(c) sentence.
> 
> . . .
> 
> [Petitioner] was not prosecuted under the INA [Immigration and Nationality Act], nor was he sentenced as an armed career criminal. Neither ***Johnson***, ***Dimaya***, nor ***Davis*** [139 S.Ct. 2319 (2019)] is applicable to Count Three, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).
> 
> . . .
> 
> As outlined above, the definition of drug trafficking crime found in 18 U.S.C.

2

§ 924(c)(2) is still valid, and the residual clause found in § 924(c)(3)(B) was not used to convict [petitioner] of the § 924(c) offense. Therefore, [petitioner] cannot satisfy the savings clause of § 2255(e) under *Wheeler*, and his claim may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition.

[Doc. 8 at 6–8].

Petitioner's Objections state, in their entirety, as follows:

Comes the petitioner—Alvis Damon Williams, "pro se," and objects to the magistrate's findings and conclusion because pending before the United States Supreme Court is *Shular v. United States*, [139 S.Ct. 2773 (2019), *granting cert.*], which involves the same issue that the petitioner has raised in the present petition, i.e., whether a controlled substance offense can serve as a predicate for conviction under 18 U.S.C. § 924(c) offense. Assuming that the Supreme Court rules in favor of the petitioner, then the § 924(c) conviction will require dismissal.

[Doc. 10 at 1].

Upon consideration, petitioner's Objections **[Doc. 10]** are **OVERRULED**. Despite

petitioner's arguments to the contrary, the Supreme Court's decision in *Shular* will have no

effect on petitioner. The issue presented in *Shular* is as follows:

Eddie Shular appeals his 180-month sentence, imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after he pled guilty to possession with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, Shular argues that the district court erred in determining that his Florida prior drug convictions qualified as predicate ACCA felonies. Specifically, he maintains that our decision in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), is incorrect, and that his convictions under Fla. Stat. § 893.13 are not qualifying "serious drug offenses" under the ACCA because the Florida statute lacks a mens rea requirement.

*United States v. Shular*, 736 Fed. App'x 876, 876 (11th Cir. 2018), *cert. granted*, 139 S.Ct.

2773 (2019).

3

Thus, *Shular* deals with the ACCA and whether certain prior convictions under Florida law qualify as "serious drug offenses" for purposes of the ACCA. As previously noted, petitioner here was not sentenced under the ACCA. Therefore, any decision the Supreme Court makes in *Shular* regarding the qualifications of "serious drug offenses" under the ACCA will have no relevance to the instant Petition. Even if the Supreme Court rules in Shular's favor, it will likely limit its holding to the specific state laws at issue and the definition of "serious drug offenses" in the ACCA, which includes certain prior convictions under state law. See 18 U.S.C. § 924(e)(2)(A)(ii). Nothing indicates that the Supreme Court would invalidate the definition of "drug trafficking crime" found in 18 U.S.C. § 924(c)(2), which has nothing to do with prior convictions—whether they be for violations of federal or state law—and which is the only provision relevant to petitioner here.

Therefore, for the reasons set forth above, this Court hereby **ORDERS** that petitioner's Objections **[Doc. 10]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 8]** is hereby **ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Clerk is **DIRECTED** to enter judgment in favor of the respondent and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** February 25, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE